UNITED STATES, Appellee,

v.

**Private Danziger L. RICHEY,**
**U.S. Army, Appellant.**

No. 47668.
CM 443155.

U.S. Court of Military Appeals.

July 29, 1985.

For Appellant: *Captain Donna Chapin Maizel* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Edwin D. Selby* (on brief).

For Appellee: *Captain Frederick A. Johnson* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth, Captain Leonard L. Lucey* (on brief); *Lieutenant Colonel Adrian J. Gravelle* and *Major Larry D. Williams.*

*Opinion of the Court*

COX, Judge:

Tried by general court-martial composed of officer and enlisted members, pursuant to his pleas, the accused was convicted of assault and battery, and, contrary to his pleas, of two specifications of aggravated assault, and one each of unlawful entry and communicating a threat, in violation of Articles 128 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934, respectively. The adjudged sentence consisted of a bad-conduct discharge, confinement at hard labor for 30 months, and forfeiture of all pay and allowances. The convening authority reduced the period of confinement to 2 years, 3 months, and 21 days, but otherwise approved the sentence. The Court of Military Review affirmed in a short-form opinion.

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO GIVE A SELF–DEFENSE INSTRUCTION BECAUSE THE ... [ACCUSED] WAS AN INTRUDER ON THE PREMISES WHEN THE EVIDENCE SHOWED THAT ... [THE ACCUSED] HAD ENTERED THE PREMISES IN ORDER TO RETRIEVE HIS HAT WHICH THE VICTIM WAS KEEPING INSIDE HIS ROOM.

Concluding that no instruction was required, we affirm.[1]

It appears from the evidence at trial that the accused entered the barracks room of Specialist Four Thomas Wicware and, after a salutary greeting, passed out on the floor. Wicware attempted to rouse the accused but, being unsuccessful, grabbed the accused by the legs and dragged him out of the room. During this time the accused's hat fell off his head and remained inside the room. In the hallway, the accused recovered and lunged menacingly towards Wicware. Wicware retreated back into the room and locked the door. The accused then knocked on the door and demanded his hat. Wicware did not open the door because he was afraid of the accused. When the accused departed, Wicware threw his hat into the hallway. The accused went to his own room, exited through the window, and reentered Wicware's room through a window. The Government's evidence indicated that the accused picked up a coke bottle from a table and approached Wicware, who had his back towards the accused. The accused asked Wicware why he threw his hat out the door; then he attacked Wicware with the bottle, striking him on the hand and leg and fracturing his left elbow.

Somewhat to the contrary, the accused testified that he reentered Wicware's room only to retrieve his hat and that Wicware advanced on him with the coke bottle in his hand. The accused testified that he took the bottle from Wicware and hit him.

Trial defense counsel requested an instruction on provocation, but the military judge refused to give it. He then asked for an instruction on self-defense based on "[t]he accused's testimony that ... Wicware came at him with the bottle." He was again refused. Before us appellate defense counsel reassert the accused's right of self-defense and refer us to paragraph 216c, Manual for Courts-Martial, United States, 1969 (Revised edition):

> The defense of self-defense when the accused intended to kill or to inflict grievous bodily harm is composed of two elements. First, the surrounding circumstances must have been such that reasonable grounds existed to apprehend that death or grievous bodily harm was about to be inflicted on the accused ... and the accused must in fact have had such an apprehension. Secondly, the accused must have believed that the force he used was necessary for protection against death or grievous bodily harm.

> \*   \*   \*   \*   \*   \*

> Self-defense is a defense of necessity. Unless the accused had withdrawn in good faith, he is generally not entitled to this defense if he was an aggressor, engaged in mutual combat, or provoked an attack upon himself. If the accused uses force in excess of that believed by him to be necessary for defense, he becomes an aggressor and is not entitled to this defense.

We need go no further than this to resolve the issue before us. If the Government's evidence is believed, then the accused never had any right of self-defense because he was a trespasser in Wicware's room who assaulted the rightful occupant with an instrument likely to cause grievous bodily harm. Indeed, Wicware might have been justified in employing deadly force in these circumstances.[2] 6 Am.Jur. 2d, *Assault and Battery* § 82; *see also United States v. Adams*, 5 U.S.C.M.A. 563, 18 C.M.R. 187 (1955). Even if the accused's story that Wicware threatened him with the bottle is believed, he would be entitled to assert self-defense only for the time

---

1. The military judge gave no specific reason for refusing the instruction. The trial counsel did mention that the accused was in the room "uninvited" as part of his argument that there were "not sufficient facts ... on self-defense."

2. Reasonable force may be used to eject a trespasser; and when the occupant orders another from the premises, the trespasser has no right to refuse or resist. *United States v. Regalado*, 13 U.S.C.M.A. 480, 482, 33 C.M.R. 12, 14 (1963). The situation here is even worse because the trespasser was armed with a bottle.

before he took the bottle away.[3] Since the assault and battery of which he was convicted occurred after that event, his right of self-defense had expired. Again, even if the accused's story of returning to "recapture" his hat is believed—and it is contradicted by his own pretrial statement to the Criminal Investigation Division (CID)—he would still be a trespasser and could only use peaceful means to do so. *See generally* 75 Am.Jur.2d, *Trespass* § 44.

The touchstone against which we measure the validity of the military judge's refusal to give an instruction on self-de-

fense is "whether there is in the record 'some evidence from which a reasonable inference can be drawn that the affirmative defense was in issue.'" *United States v. Black*, 12 U.S.C.M.A. 571, 574, 31 C.M.R. 157, 160 (1961), quoting *United States v. Ginn*, 1 U.S.C.M.A. 453, 457, 4 C.M.R. 45, 49 (1952). As we have seen above, there was no such evidence.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

*United States v. Brown*, 13 U.S.C.M.A. 485, 33 C.M.R. 17 (1963).

---

**3.** The right of self-defense would be quite limited because the accused was a trespasser. While he might even then defend himself against an excessive use of force, once he had the bottle in his possession he was no longer threatened. *Cf.*